**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TINA OSHANA, individually and on behalf of the classes defined herein, )<br><br>PLAINTIFF, )<br><br>v. )<br><br>BLITT & GAINES, P.C. and FIRST RESOLUTION INVESTMENT CORP., )<br><br>DEFENDANTS. ) | Civil Action No. |

**INDIVIDUAL AND CLASS ACTION COMPLAINT**

Plaintiff, Tina Oshana, brings this action both individually and on behalf of the classes defined below, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and under Illinois state law statutory counts, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331.

2. Venue is proper in this District because parts of the acts and transactions at issue occurred here and Defendants transact substantial business here.

**STANDING**

3. Defendants illegally sought to garnish Plaintiff's bank accounts without having an enforceable judgment. Plaintiff did not have use of money that she would otherwise been able to access due to Defendants' illegal actions, which caused Plaintiff economic and emotional harm, including physical manifestations of emotional distress, for which she received medical treatment.

1

4.      Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendants' actions of filing and maintaining a garnishment action against her that was illegal under Illinois law, and she lost money and suffered physical manifestations of stress, all due to Defendants' actions.

5.      Further, Defendant First Resolution Investment Corp. ("FRIC") is a collection agency that collects debts from consumers in Illinois without having a valid collection agency license, which violates the provisions of the Illinois Collection Agency Act and which has caused Plaintiff to suffer a concrete injury, including loss of money and physical manifestations of stress suffered by Plaintiff caused by Defendants' actions.

6.      Plaintiff has thus suffered an injury as a result of Defendants' conduct, and suffered harm to her reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

7.      Plaintiff, Tina Oshana ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a defaulted consumer debt.

8.      Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

2

9.  Plaintiff is a natural person allegedly obligated to pay a debt as that term is understood 15 U.S.C. §1692a (3) of the FDCPA.

10.  Defendant, Blitt & Gaines, P.C. ("Blitt"), is a law firm that acts as a debt collector, as defined by § 1692a (6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts on behalf of others.

11.  Blitt is authorized to conduct business in Illinois, and maintains a registered agent here. In fact, Blitt conducts business in Illinois.

12.  Blitt maintains an office at 775 Corporate Woods Parkway, Vernon Hills, IL 60061.

13.  Blitt uses the mail and telephone in conducting its business.

14.  Blitt regularly files collection lawsuits in Illinois on behalf of debt buyers and creditors to collect defaulted consumer debts.

15.  Blitt maintains a website: https://blittandgaines.com/.

16.  Blitt's website states in part as follows:

## Our Team

Our legal team consists of attorneys who concentrate their practice in legal collections, creditor bankruptcy representation, consumer litigation, FDCPA defense, judgment domestication and enforcement, replevin, and detinue.

Our firm's continued success is attributed to our hard-working and dedicated support teams and a compliance team that ensures our debt collection practices are consistent and compliant.

Blitt & Gaines, P.C. Accessed August 25, 2024. https://blittandgaines.com/about/.

17.     Blitt's website further states in part:



– Who is Blitt and Gaines, P.C.?

We are a law firm that represents creditors.  Our clients have asked that we assist them in resolving the past due obligations of their customers.  We do this by understanding everyone's financial situation is different and it is our job to listen.  Our firm wants to know how we can help you resolve your account.

Blitt & Gaines, P.C. Accessed August 25, 2024. https://blittandgaines.com/frequently-asked-questions/#toggle-id-1.

18.     In the year 2023, Blitt filed over 1000 lawsuits that contain a type of form affidavit titled "CREDIT CARD OR DEBT BUYER COLLECTION ACTION AFFIDAVIT (SUPREME COURT RULE 280.2).

19.     Defendant First Resolution Investment Corp. ("FRIC") is a buyer of defaulted consumer debts.

20.     FRIC purchases defaulted consumer debts and attempts to collect them via litigation by placing said debts with law firms such as Blitt.

21.     FRIC does or transacts business in Illinois.

22.     FRIC'S principal business purpose is the collection of defaulted consumer debts, including via the use of interstate commerce and mails, and FRIC is a "debt collector" as defined within 15 U.S.C. § 1692a(6) of the FDCPA.

23.     Though FRIC is a debt collector, it does not hold a required collection agency license from the State of Illinois as of the date of filing of this complaint.

4

## FACTUAL ALLEGATIONS

24.    According to Defendants, Plaintiff incurred an alleged debt for the purchase of consumer goods and/or services ("alleged debt").

25.    The alleged debt arose from funds used for personal, family and/or household purposes and is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

26.    Due to her financial circumstances, Plaintiff could not pay the alleged debt, and the alleged debt went into default.

27.    FRIC alleges to have purchased the alleged debt after default.

28.    FRIC thereafter hired Blitt to collect the alleged debt.

29.    On July 14, 2004, Blitt, on behalf of FRIC, filed a lawsuit ("Collection Lawsuit") against Plaintiff in the Circuit Court of Cook County, Illinois ("State Court Action"), styled *First Resolution Investment Corp. v. Tina Oshana*, Case No. 20041144293.

30.    On August 24, 2004, a judgment was entered against Plaintiff.

31.    On March 20, 2012, Defendants filed a petition to revive judgment with respect to the judgment entered on August 24, 2004.

32.    On April 24, 2012, an order was entered by the court that revived the judgment.

33.    735 ILCS 5/2-1602 provides in part that "a judgment may be revived by filing a petition to revive the judgment in the 7th year after its entry, or in the 7th year after its last revival, or in the 20th year after its entry, or at any other time within 20 years

after its entry if the judgment becomes dormant and by serving the petition and entering a court order for revival."

34.     Thereafter, Defendants sought to revive the judgment by filing a petition to revive judgment.

35.     On or around May 4, 2017, Defendants filed a petition to revive judgment.

36.     In connection with the petition to revive judgment, the Defendants submitted a draft order seeking that the judgment be revived. Exhibit A, Draft Order.

37.     The draft order was not entered by the court, however, at any time.

38.     In fact, Defendants' petition to revive judgment was withdrawn. Exhibit B, Order.

39.     The judgment has not been revived since April 24, 2012.

40.     The judgment became dormant in 2019.

41.     The judgment is currently dormant, and can no longer legally be revived.

42.     "[A] party may not enforce a judgment after the expiration of seven years from the time that judgment was rendered unless the judgment is subsequently revived.". *First Nat'l Bank of Marengo v. Loffelmacher*, 236 Ill. App. 3d 690, 603 N.E.2d 80, 84, 177 Ill. Dec. 299 (Ill. App. Ct. 1992); *Liang v. Frontline Asset Strategies, LLC*, No. 15 C 09054, 2016 U.S. Dist. LEXIS 177013, at *6 (N.D. Ill. Dec. 22, 2016)

43.     The judgment, not having been timely revived, is currently unenforceable.

44.     Despite the fact that the judgment is currently unenforceable, Defendants continued to try to collect the alleged judgment debt via the filing of a "Non-Wage Garnishment", among other documents related to the same, in an attempt to collect the alleged judgment debt.

45.     Specifically, on July 2, 2024, Defendants filed a "Non-Wage Garnishment Notice", a "Garnishment Summons", and an "Affidavit for Non-Wage Garnishment". Exhibit C, "Non-Wage Garnishment Notice", "Garnishment Summons", and "Affidavit for Non-Wage Garnishment".

46.     Defendants served a copy of the "Garnishment Summons", and an "Affidavit for Non-Wage Garnishment" on Plaintiff's bank, JP Morgan Chase Bank.

47.     On or around July 26, 2024, Defendants mailed a copy of the "Non-Wage Garnishment Notice" to Plaintiff.

48.     Defendants thus sought to garnish Plaintiffs' bank accounts before even seeking to revive the judgment at issue.

49.     As a result, two of Plaintiff's bank accounts at JP Morgan Chase Bank, one savings and one checking, were frozen and inaccessible to Plaintiff.

50.     Said accounts were frozen and inaccessible to Plaintiff for a period of weeks due to Defendants' actions.

51.     Plaintiff suffered severe emotional distress, for which she received medical care, as well as a financial injury due to Defendants' actions, as she could not pay her bills, various auto-debits that were set on Plaintiff's account were not paid due to the freeze on her accounts, and she was without use of the money that was in her accounts for an extended period of time—all due to the illegal actions of Defendants.

52.     Plaintiff had to borrow money to pay her bills due to Defendants' actions taken in connection with the garnishment.

53.     Aside from the judgment not being enforceable, Defendant FRIC could not legally seek to enforce the alleged judgment debt as FRIC was not licensed as a collection agency in Illinois when it initiated garnishment proceedings.

54.     Specifically, First Resolution Investment Corporation, the named plaintiff in the State Court Action, did not have a collection license at the time that it filed the garnishment action, according to a search of the database for the Illinois Department of Financial and Professional Regulation performed on August 7, 2024.

55.     Blitt, on behalf of FRIC, thus sought to collect the alleged judgment debt via garnishment proceedings without having obtained the required license to collect debts in Illinois.

56.     Such conduct violates the Illinois Collection Agency Act. See 225 Ill. Comp. Stat. 425/4 (providing that no collection agency shall operate without being registered under the Act).

57.     FRIC did not have a collection agency license issued by the State of Illinois when it filed a "Non-Wage Garnishment Notice", a "Garnishment Summons", and an "Affidavit for Non-Wage Garnishment" in the State Court Action.

58.     On July 16, 2024, Defendants filed a "Petition for Revival of Judgment", seeking to revive the alleged judgment debt.  Exhibit D, Petition for Revival of Judgment.

59.     On July 16, 2024, Defendants filed a "Notice of Filing" for its "Petition for Revival of Judgment", seeking to revive the alleged judgment debt.  Exhibit E, Notice of Filing.

60.     Plaintiff was served with the Petition for Revival of Judgment on or around July 26, 2024.

61.     FRIC did not have a valid Illinois collection agency license when it filed and thereafter served its Petition for Revival of Judgment in the State Court Action.

62.     In fact, FRIC at no time had a valid Illinois collection agency license, including when it filed the State Court Action.

63.     FRIC sought to collect the alleged judgment debt via seeking to garnish Plaintiff's accounts and revive the alleged judgment without having obtained the required license to collect debts in Illinois.

64.     Such conduct violates the Illinois Collection Agency Act. See 225 Ill. Comp. Stat. 425/4 (no collection agency shall operate without being registered under the Act), as the Collection Agency Act provides that "The practice as a collection agency by any person not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare."

65.     FRIC does not have the required license to collect debts in Illinois, yet it continues to attempt to collect debts in Illinois via both garnishment proceedings as well as motions that seek revival of dormant judgments.

66.     On July 29, 2024, Plaintiff engaged in a telephone conversation with an agent or employee of Blitt.

67.     During said July 29, 2024 conversation, Plaintiff requested the name of the original creditor of the alleged debt.

68.     In response, during the call, said agent or employee of Blitt stated that she could not find the information, and stated that Blitt will mail her a debt validation that she

should receive by the end of the week, which would inform her of the identity of the original creditor.

69.   Upon information and belief, Blitt at no time sent Plaintiff a debt validation or informed her of the identity of the original creditor in any way, though it stated that it would.

70.   Plaintiff attempted to resolve the garnishment on her own without hiring an attorney, as she believed that Defendants had a legal right to attempt to garnish her accounts.

71.   On July 30, 2024, Plaintiff engaged in another telephone conversation with an agent or employee of Blitt.

72.   During said July 30, 2024 conversation, an agent or employee of Blitt demanded that Plaintiff pay an amount to resolve the judgment that included fees and costs for the attempted garnishment and/or revival of judgment.

73.   Plaintiff was thereafter transferred to a supervisor, who identified himself as "Marcus Carter", who told Plaintiff that there was nothing he could do and that she could not work anything out at that point. He also stated that Plaintiff would have to wait for a court date, and that it will be a lengthy process.

74.   Plaintiff suffered an exacerbation of her anxiety disorder and sought medical treatment due to Defendants' illegal and improper actions in seeking to attempt to collect the alleged debt.

75.   Plaintiff thereafter hired and paid an attorney, due to Defendants' actions, to defend her as to the State Court garnishment and revival actions, and she was financially damaged thereby.

10

76. As a result of said attorney's involvement and communications with Defendants, said garnishment was dismissed. Exhibit F, Order dated August 2, 2024.

77. As a result of said attorney's involvement and communications with Defendants, said Petition for Revival of Judgment was dismissed with prejudice. Exhibit G, Order dated August 8, 2024.

78. FRIC bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Blitt. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

79. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

80. FRIC and Blitt were both aware that the actions each took to collect the alleged judgment debt were illegal, but they agreed to take said actions anyway.

81. 15 U.S.C. §1692d of the FDCPA provides as follows:

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.**

82. In seeking to i) revive a dormant judgment with having a collection agency license and ii) garnish Plaintiff's accounts, despite being aware that no enforceable judgment was in existence that could support the garnishment, and despite being aware that FRIC was not authorized to do business in Illinois because it did not have an Illinois collection agency license, Defendants engaged in conduct the natural consequence was to oppress Plaintiff as she could not pay many of his bills as a result of their actions, in violation of 15 U.S.C. § 1692d.

83.    15 U.S.C. §1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section**

**. . . (2) The false representation of**
     **(A) the character, amount, or legal status of any debt**
     **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

84.    Defendants used false, deceptive, and/or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e when they misrepresented that they had a legal right to garnish Plaintiff's accounts and to revive the dormant alleged judgment in the State Court Action.

85.    Defendants misrepresented the legal status and amount of the alleged judgment debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(2)(B) when they sought to revive a judgment without being licensed to collect debts in Illinois, and filed garnishment paperwork seeking to collect extra costs and fees for the same, both via telephone and in writing, without FRIC being licensed to collect debts in Illinois and without having an enforceable judgment, and thus without having a legal basis to do so.

86.    Defendants threatened to take actions to collect the alleged judgment debt that could not legally be taken when they threatened to revive a judgment without being

licensed to collect debts in Illinois, and filed garnishment paperwork threatening to garnish Plaintiff's accounts without being licensed to collect debts in Illinois and without having an enforceable judgment, and thus without having a legal basis to do so, in violation of 15 U.S.C. § 1692e(5).

87.     In seeking to collect the alleged judgment debt without having a legal basis to do so, by filing a petition to revive judgment and garnishment paperwork, Defendants also used deceptive means and false representations to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA.

88.     15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

89.     Defendants used unfair and unconscionable means to collect the alleged judgment debt in violation of 15 U.S.C. § 1692f when they sought to collect the alleged judgment debt via means not authorized by any agreement creating the alleged judgment debt or permitted by law, including the collection of fees and costs associated with garnishment of Plaintiff's accounts, when said garnishment could not legally occur in the first place.

90.     Defendants' actions caused Plaintiff concrete harm and injury, including *inter alia* severe emotional distress, loss of sleep and financial loss.

91.     Among other effects, Plaintiff was unable to pay bills that otherwise would have been paid if Plaintiff would have had access to the funds that were being wrongfully garnished, and thus frozen and inaccessible to Plaintiff all due to Defendants' actions. Plaintiff was fooled into believing that Defendants had the right to revive the alleged judgment and to garnish her accounts, and experienced chest pains, feelings that she had a racing heart, nausea, headaches, loss of appetite, dizziness and feelings that she would faint, bouts of crying, and loss of sleep as a result of Defendants' actions—none of which Plaintiff would have experienced if Defendants would not have violated the law.

92.     Plaintiff suffered financial harm due to Defendants' actions, as she was forced to hire and pay an attorney due to defend against and address Defendants' illegal practices, and as a result of Defendants' actions that resulted in Plaintiff's money being garnished, when Defendants did not have a legal right to garnish said money, and which money Plaintiff was without use of due to Defendants' unfair, unconscionable, deceptive, misleading and fraudulent actions.

93.     FRIC bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Blitt. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

94.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

95.     All of the actions taken by Defendants in connection with the violations complained of above would have fooled, misled, and/or deceived an unsophisticated consumer in Plaintiff's shoes, as they did Plaintiff.

## COUNT I-INDIVIDUAL COUNT-FDCPA-ALL DEFENDANTS

96.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if plead fully herein.

97.     Defendants violated 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f by filing garnishment documents, and thereafter serving and maintaining the garnishment as to Plaintiff's accounts, as Defendants had no legal or factual basis to initiate the garnishment proceeding, and such actions constitute a deceptive, misleading, unfair, unconscionable, abusive and oppressive means of collecting the alleged judgment debt.

98.     Defendants violated 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f by seeking to collect an inflated claim during Blitt's July 30, 2024 telephone conversation with Plaintiff, as Defendants had no legal or factual basis to initiate the garnishment proceeding and seek to collect extra costs and fees associated therewith, and such actions constitute a deceptive, misleading, unfair, unconscionable, abusive and oppressive means of collecting the alleged judgment debt.

99.     Defendants violated 15 U.S.C. §§1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f by seeking to collect an inflated claim during Blitt's July 30, 2024 telephone conversation with Plaintiff, as Defendants had no legal or factual basis to initiate the garnishment proceeding and seek to collect extra costs and fees associated therewith, and such actions constitute a deceptive, misleading, unfair, unconscionable, abusive and oppressive means of collecting the alleged judgment debt.

100.    Defendants violated 15 U.S.C. §§1692d, 1692e, 1692e(10), and 1692f by falsely informing Plaintiff that Blitt will be providing her with a debt "validation" that

would inform her of the identity of the original creditor, as Blitt did not mail or in any way thereafter provide Plaintiff any documentation that would inform her of the identity of the original creditor, and such an action constitutes a deceptive, misleading, and unfair means of collecting the alleged judgment debt.

WHEREFORE, Plaintiff, Tina Oshana asks that the Court enter judgment in her favor and against Defendants as follows:

A.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.    Statutory damages pursuant to pursuant to 15 U.S.C. § 1692k(a)(2);

C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

D.     Such other or further relief as the Court deems proper.

## COUNT II-INDIVIDUAL COUNT--ILLINOIS COLLECTION AGENCY ACT ("ICAA")- FRIC

102.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if plead fully herein.

103.    FRIC is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/2 *et seq*.

104.    FRIC is a "debt buyer" as defined in the Illinois Collection Agency Act, 225 ILCS 425/2 *et seq*.

105.    FRIC does not hold an Illinois Collection Agency License.

106.    FRIC violated the following provisions of the Illinois Collection Agency Act, 225 ILCS 425/9(a) *et seq*. in taking the actions asserted above:

**(24) Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist.**

16

**(30) Misrepresenting the amount of the debt alleged to be owed.**

**. . .**

**(31) Representing that an existing debt may be increased by the addition of attorney's fees, investigation fees or any other fees or charges when such fees or charges may not legally be added to the existing debt.**

**. . .**

**(33) Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt unless such interest or other charge or fee is expressly authorized by the agreement creating the debt unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. If a contingency or hourly fee arrangement (i) is established under an agreement between a collection agency and a creditor to collect a debt and (ii) is paid by a debtor pursuant to a contract between the debtor and the creditor, then that fee arrangement does not violate this Section unless the fee is unreasonable. The Department shall determine what constitutes a reasonable collection fee.**

**. . .**

**(35) Engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public.**

107. A private right of action exists for violation of the ICAA against Defendant. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

108. Plaintiff suffered actual damages, including financial damages as well as extreme emotional distress, as a result of Defendant's actions, including loss of time and money by having to hire an attorney to quash a garnishment in the State Court Action, and loss of the use of the wrongfully garnished funds.

109. Plaintiff also suffered, *inter alia*, severe emotional distress, including loss of sleep, embarrassment, and humiliation.

110. Plaintiff was fooled into believing that Defendants had the right to garnish her accounts, and experienced severe embarrassment, shock, humiliation, and loss of sleep as a result of Defendants' actions.

111. Plaintiff suffered financial harm due to Defendants' actions, as she was forced to hire and pay an attorney to defend against and address Defendants' illegal

practices, and as a result of Defendants' actions that resulted in her bank accounts being frozen which accounts Defendants did not have a legal right to garnish, and to which Plaintiff did not have access.

WHEREFORE, Plaintiff, Tina Oshana asks that the Court enter judgment in her favor and against FRIC as follows:

A.   Actual damages;

B.   Punitive damages in an amount sufficient to deter Defendants from engaging in the practice described in this Count;

C.   Such other or further relief as the Court deems proper.

## COUNT III—CLASS COUNT—FDCPA—ALL DEFENDANTS

112.   Plaintiff realleges and incorporates by reference the foregoing paragraphs as if plead fully herein.

113.   Section 225 ILCS 425/4 of the Collection Agency Act provides as follows:

**Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting debt, solicit debt claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any debt, without obtaining a license under this Act except that no collection agency shall be required to be licensed if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission, electronic mail, or any other Internet communication from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

114.   As of the date that this complaint is filed, FRIC seeks to collects debts from consumers in Illinois but does not have an Illinois collection license, which is an unfair, deceptive, misleading, abusive, oppressive and unconscionable practice in violation of the Collection Agency Act, and also in violation of the FDCPA.

115.   FRIC's attempts to collect the alleged judgment debt, via Blitt, are barred by the provisions of the ICAA.

116.   It is an unfair and unconscionable practice by Defendant Blitt to seek to collect debts on behalf of FRIC where FRIC did not have an Illinois collection agency license when said collection occurred, in violation of 15 U.S.C. § 1692f of the FDCPA.

117.   It is a false, misleading and deceptive representation and means by Blitt to seek to collect debts on behalf of FRIC where FRIC did not have an Illinois collection agency license when said collection occurred, in violation of 15 U.S.C. §§  1692e, 1692e(5), and 1692e(10) of the FDCPA.

118.   It is an oppressive and abusive means by Blitt to seek to collect debts on behalf of FRIC where FRIC did not have an Illinois collection agency license when said collection occurred, in violation of 15 U.S.C. § 1692d of the FDCPA.

119.   The proposed class meets all requirements under 735 ILCS 5/2-801 and Fed. R. Civ. P. 23(a) and (b)(3).

120.   The Class consists of (a) all persons in Illinois (b) against which a lawsuit was filed or maintained by Blitt on behalf of FRIC to collect a debt (c) where Blitt filed documents in a state court seeking to garnish bank accounts and/or revive judgments on behalf of FRIC (d) during the time period that begins one year prior to the filing of this action, and ends on the date of the filing of this action.

121.   Plaintiff may alter the parameters of the classes to conform to discovery.

122.   On information and belief, based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

123. There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. The predominant common questions include whether Defendants have a practice of collecting debts without having a required Illinois collection agency license, and the extent to which such illegal and prohibited conduct has been taken by Blitt on behalf of FRIC.

124. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

125. Plaintiff will fairly and adequately represent the members of the classes.

126. Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

127. Plaintiff has hired counsel that has been approved as counsel in previous FDCPA class actions that have been certified.

128. The Class consists of more than 40 persons from whom Defendants attempted to collect defaulted consumer debts without having a valid collection agency license.

129. A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct. Congress contemplated class actions as a means of enforcing the FDCPA.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendants, as follows:

A.      Statutory damages and actual damages for Plaintiff pursuant to 15 U.S.C. § 1692k;

20

B.      Statutory damages and actual damages for each Class Member pursuant to 15 U.S.C. § 1692k;

C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

D.      Such other or further relief as the Court deems proper.

### COUNT IV—CLASS COUNT—ICAA—FRIC

130.    Plaintiff realleges and incorporates by reference the foregoing paragraphs as if plead fully herein.

131.    Section 225 ILCS 425/4 of the Collection Agency Act provides as follows:

**Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting debt, solicit debt claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any debt, without obtaining a license under this Act except that no collection agency shall be required to be licensed if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission, electronic mail, or any other Internet communication from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

132.    As of the date that this complaint is filed, FRIC seeks to collects debts from consumers in Illinois but does not have an Illinois collection license, which is an unfair, deceptive, misleading, abusive, oppressive and unconscionable practice in violation of the Collection Agency Act.

133.    FRIC's attempts to collect the alleged judgment debt, via Blitt, are barred by the provisions of the ICAA.

134.    The proposed class meets all requirements under 735 ILCS 5/2-801 and Fed. R. Civ. P. 23(a) and (b)(3).

135.   The Class consists of (a) all persons in Illinois (b) against which a lawsuit was filed or maintained by Blitt on behalf of FRIC to collect a debt (c) where Blitt filed documents in a state court seeking to garnish bank accounts and/or revive judgments on behalf of FRIC (d) during the time period that begins five years prior to the filing of this action, and ends on the date of the filing of this action.

136.   Plaintiff may alter the parameters of the classes to conform to discovery.

137.   On information and belief, based on the fact that debts are assigned to collection agencies in groups of debts of similar type and vintage and not individually, the classes are so numerous that joinder of all members is impracticable.

138.   There are questions of law and fact common to the classes, which questions predominate over any questions affecting only individual class members. The predominant common questions include whether Defendants have a practice of collecting debts without having a required Illinois collection agency license, and the extent to which such illegal and prohibited conduct has been taken by FRIC.

139.   Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual theories.

140.   Plaintiff will fairly and adequately represent the members of the classes.

141.   Plaintiff has retained counsel experienced in the prosecution of consumer credit and debt collection claims and class actions.

142.   Plaintiff has hired counsel that has been approved as counsel in previous consumer class actions that have been certified.

143.  The Class consists of more than 40 persons from whom Defendants attempted to collect defaulted consumer debts without having a valid collection agency license.

144.  A class action is superior for the fair and efficient prosecution of this litigation. Class-wide liability is essential to cause Defendants to stop the improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant FRIC, as follows:

A.     Actual damages;

B.     Punitive damages in an amount sufficient to deter Defendants from engaging in the practice described in this Count;

C.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

The Law Office of M. Kris Kasalo, Ltd.          By: /s/ *Mario Kris Kasalo*
4950 Madison St.                                Mario Kris Kasalo
PO Box 1425
Skokie, IL 60077
tele 312-726-6160
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: s/ *Mario Kris Kasalo*
Mario Kris Kasalo

**EXHIBIT A**

EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

04-07445                                          )
                                                  )
First Resolution Investment Corp.                 )
                                                  )
            vs.                                   )        No. 04 M1 144293
                                                  )
Tina Oshana                                       )
                                                  )
                                                  )
                                                  )

### REVIVAL OF JUDGMENT ORDER

     This matter coming to be heard on the Petition of Plaintiff to revive a judgment, the Court does find, based on the allegations of the Petition, the representations of Plaintiff, and the evidence taken, that:

1.    A judgment was entered in this court on <u>August 24, 2004</u> in the amount of $2,887.94, plus costs of suit.

2.    Principal payments have been made against the judgment in the amount of $175.50.

3.    The unpaid amount of the judgment at this date is $6,495.43.

4.    The plaintiff has not received notice of any discharge in bankruptcy of the defendant.

5.    The defendant has been given due notice by ____<u>Personal/Substituted</u>____ (personal or substituted) service.

     WHEREFORE, IT IS HEREBY ORDERED: that the aforesaid judgment shall be, and hereby is, revived in the amount of <u>$2,887.94</u> plus cost and interest.

Blitt and Gaines, P.C.           ENTER:
Attorney for Plaintiff
661 Glenn Ave.
Wheeling, IL 60090         _____
(847)403-4900 P
32887                     JUDGE
04-07445

# EXHIBIT B

Order/Motion Call   (This form replaces CCM 0692)                                                (3/08/05) CCM N624

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### _Second_ MUNICIPAL DISTRICT

_First Resolution Investment Corp._                    LINE NO. _3_

v.                                                     No. _04 M1 144293_

_Tina Oshana_

## MOTION CALL ORDER

Present before the Court: ☐ Plaintiff(s)   ☐ Defendant(s)   ☒ Plaintiff(s)' Counsel   ☐ Defendant(s)' Counsel
    THIS MATTER having come before the Court, the Court having jurisdiction and being fully advised,

IT IS HEREBY ORDERED that the Motion:

| | | |
|---|---|---|
| 4902 | ☐ to Vacate DWP of _____ | is GRANTED. |
| 5902 | ☐ _____ | is DENIED. |
| 4902 | ☐ to Vacate Default Judgment of _____ is GRANTED, | |
| 4482 | ☐ and this case is set for Trial on _____, at _____ a.m./p.m. in Rm. _____ | |
| 4482 | ☐              for Status on _____, at _____ a.m./p.m. in Rm. _____ | |
| 5902 | ☐ to Vacate the Default Judgment of _____ is DENIED. | |
| 4902 | ☐ to Vacate the Dismissal of _____ is GRANTED, | |
| 4001 | and case is reinstated; Judgment for _____ | |
| | ☐ in the amount of $ _____. | |
| 4384 | ☐ to Vacate Installment Order of _____ is GRANTED, Judgment to stand. | |
| 4280 | ☐ for Summary Judgment in favor of _____ is GRANTED. | |
| 5280 | ☐ is DENIED. | |
| 4226 | ☐ to Dismiss as to Defendant _____ is GRANTED. | |
| 5226 | ☐ is DENIED. | |
| ( ) | ☐ Motion to/for _____ is CONTINUED. | |
| ( ) | ☐ for HEARING at _____ a.m./p.m. on _____ in Rm. _____ | |
| ( ) | ☐ with the following briefing schedule: | |

_____
_____

( ) ☐ Judgment is entered in favor of the Plaintiff _____ and against
    the Defendant _____ in the sum of $ _____ plus court costs.

( ) ☒ _Plaintiff's petition for revival of judgment is withdrawn._
    _Revival order of April 24, 2012 to stand._

( ) ☐ See Attached Order: _____

Atty. No.: _32887_                                ENTERED:

Name: _____

Atty. for: _π_                                    Dated: _____

Address: **Blitt and Gaines, P.C.**
         **661 Glenn Avenue**
City/State/Zip: **Wheeling, IL 60090**

Telephone: _____          Judge   _Judge Jeffrey L. Warnick_ 2024   Judge's No.

ENTERED
NOV 02 2017
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Copy Distribution - White: 1. ORIGINAL - COURT FILE   Canary: 2.   Pink: 3. COPY

**EXHIBIT C**

EXHIBIT C

Filer Selected Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 0202
System Generated Hearing Date: <<CmsHearingStart>>
Location: <<CmsHearingResource="Location">>
Judge: <<CmsHearingResource="JudicialOfficer">>

Case: 1:24-cv-07815 Document #: 1 Filed: 08/28/24 Page 29 of 44 PageID #:29

FILED
7/30/2024 6:53 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20041144293

FILED DATE: 7/30/2024 6:53 AM 20041144293

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## SECOND MUNICIPAL DISTRICT, CIVIL DIVISION

FILENO.: 04-07445
First Resolution Investment Corp.

      Plaintiff

    vs.                         Cause No.: 04 M1 144293

Tina Oshana

      Defendant

## CERTIFICATE OF SERVICE

TO:    Tina Oshana
        5429 N MONT CLARE AVE
        CHICAGO, IL 60656-1930

I, the undersigned attorney, certify that I caused to be mailed, the **NON-WAGE GARNISHMENT NOTICE** by regular first-class mail to the above named parties at the address listed above by depositing same in the U.S. mail at 775 Corporate Woods Parkway, Vernon Hills, IL 60061 at 5 p.m. on _____ **07/26/2024** and postage will be prepaid.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

BLITT AND GAINES, P.C.
Attorney for Plaintiff
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711
(847) 520-9481
pleadings2@blittandgaines.com
04-07445
TYPE: SER

/s/ Lisa Rayan ARDC# 6344285

Attorney For Plaintiff
Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the above signed certified that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief as to such matters the above signed certified as aforesaid that he verily believes the same to be true.



FILED
7/2/2024 10:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2004114429

Filer Selected Hearing Date: 8/8/2024 9:30 AM
Location: <<CourtRoomNumber>>
Judge: Courtroom, 0202
System Generated Hearing Date: 8/8/2024 9:30 AM
Location: Courtroom 0202
Judge: Warnick, Jeffrey L

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**
**NON-WAGE GARNISHMENT NOTICE**

First Credit Adjustment Corp.
Plaintiff - Judgment Creditor

vs.

Tina Oshana
      Defendant - Judgment Debtor

Case Number: 04 M 1 144293

(Summons Return Date): 8/8/2024

Tina Oshana
5429 N MONT CLARE AVE
CHICAGO, IL 60656-1930
312/927-8462
Attorney Number:

Judgment Creditor's Attorney
Blitt and Gaines, P.C.
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711
pleadings2@blittandgaines.com
Attorney Number: 32887

Amount of Judgment $2,887.94 PLUS COSTS
Balance due on the judgment is $8,687.27
Garnishee: **JP Morgan Chase Bank**

**NOTICE:** The Court has issued a garnishment summons against the garnishee named above for money or property (other than wages) belonging to the judgment debtor or in which the judgment debtor has an interest. The garnishment summons was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.

THE AMOUNT OF MONEY OR PROPERTY (OTHER THAN WAGES) THAT MAY BE GARNISHED IS LIMITED BY FEDERAL AND ILLINOIS LAW. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN MONEY OR PROPERTY OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

1.    Under Illinois or Federal Law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000.00 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; workers' compensation benefits; public assistance benefits; unemployement compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400.00 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500.00 in value, in any implements, professional books or tools of the trade of the debtor.

2.    The judgment debtor may have other possible exemptions from garnishment under the law.

                                                                       Return Date: 8/8/2024

3.    The judgment debtor has the right to request a hearing before the court to dispute the garnishment or to declare exempt from garnishment certain money, or property , or both. To obtain a hearing, the judgment debtor must notify the Clerk of the Circuit Court in writing to The 2nd Municipal District Cook 5600 Old Orchard Road Skokie, IL 60077, Illinois, on or before the return date specified above. The Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the garnishee regarding the time and location of the hearing. This notice may be sent by regular first class mail.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

                                       /s/ Jerome E. Riley ARDC # 6192568
                                       Attorney for Judgment Creditor

04-07445      TYPE: Notice

FILED DATE: 7/2/2024 8:35 PM 2004114429

This is an attempt to collect a debt and any information will be used for that purpose.

FILED DATE: 7/20/2024 8:35 RM   2004144293

TYPE: Court NTC

# Court Participant Instructions:

From a web browser, go to www.Zoom.us (Make sure your device has a camera
and microphone) (Or for IPhone or Android Phone, download the free Zoom App)

Select> Join A.Meeting

# 202 Civil Connect to Zoom Skokie-Court Participant Instructions:

From a web browser, go to www.Zoom.us (Make sure your device has a camera and microphone) (Or for IPhone or Android
Phone, download the free Zoom App) Select>
Join A Meeting

| Judge | Courtroom/ Calendar | Zoom Meeting ID | Zoom Meeting Password | Court Call Day | Court Call Time |
|---|---|---|---|---|---|
| Jeffrey L Warnick | 202 | 925-0801-8507 | 202202 | M-F | 9:00 am to 4:30 pm |

FILED DATE: 7/2/2024 10:25 PM 20041144293

FILED
7/2/2024 10:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

Filer Selected Hearing Date: 8/8/2024 9:30 AM
Location: <<CourtRoomNumber>>
Judge: Courtroom, 0202
System Generated Hearing Date: 8/8/2024 9:30 AM
Location: Courtroom 0202
Judge: Warnick, Jeffrey L

First Premium Investment Corp.

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**
**NON-WAGE GARNISHMENT NOTICE**

Plaintiff - Judgment Creditor

vs.

Case Number: 04 M1 144293

Tina Oshana

Defendant - Judgment Debtor

(Summons Return Date): 8/8/2024

Tina Oshana
5429 N MONT CLARE AVE
CHICAGO, IL 60656-1930
312/927-8462
Attorney Number:

Judgment Creditor's Attorney
Blitt and Gaines, P.C.
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711
pleadings2@blittandgaines.com
Attorney Number: 32887

Amount of Judgment $2,887.94 PLUS COSTS
Balance due on the judgment is $8,687.27
Garnishee: **JP Morgan Chase Bank**

**NOTICE:** The Court has issued a garnishment summons against the garnishee named above for money or property (other than wages) belonging to the judgment debtor or in which the judgment debtor has an interest. The garnishment summons was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above.

THE AMOUNT OF MONEY OR PROPERTY (OTHER THAN WAGES) THAT MAY BE GARNISHED IS LIMITED BY FEDERAL AND ILLINOIS LAW. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN MONEY OR PROPERTY OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE.

1.  Under Illinois or Federal Law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000.00 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; workers' compensation benefits; public assistance benefits; unemployement compensation benefits; veterans' benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400.00 in value, in any one motor vehicle; and the debtor's equity interest, not to exceed $1,500.00 in value, in any implements, professional books or tools of the trade of the debtor.

2.  The judgment debtor may have other possible exemptions from garnishment under the law.

Return Date: 8/8/2024

3.  The judgment debtor has the right to request a hearing before the court to dispute the garnishment or to declare exempt from garnishment certain money, or property , or both. To obtain a hearing, the judgment debtor must notify the Clerk of the Circuit Court in writing to The 2nd Municipal District Cook 5600 Old Orchard Road Skokie, IL 60077, Illinois, on or before the return date specified above. The Clerk of the Court will provide a hearing date and the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the garnishee regarding the time and location of the hearing. This notice may be sent by regular first class mail.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

/s/ Jerome E. Riley ARDC # 6192568

Attorney for Judgment Creditor

04-07445        TYPE: Notice

FILED DATE: 7/2/2024 10:25 PM 20041144293

TYPE: Court NTC

# Court Participant Instructions:

From a web browser, go to www.Zoom.us (Make sure your device has a camera
and microphone) (Or for IPhone or Android Phone, download the free Zoom App)

Select> Join A.Meeting

# 202 Civil Connect to Zoom Skokie-Court Participant Instructions:

From a web browser, go to www.Zoom.us (Make sure your device has a camera and microphone) (Or for IPhone or Android Phone, download the free Zoom App) Select>
Join A Meeting

| Judge | Courtroom/ Calendar | Zoom Meeting ID | Zoom Meeting Password | Court Call Day | Court Call Time |
|---|---|---|---|---|---|
| Jeffrey L Warnick | 202 | 925-0801-8507 | 202202 | M-F | 9:00 am to 4:30 pm |

Filer Selected Hearing Date: 8/8/2024 9:30 AM
Location: <<CourtRoomNumber>>
Judge: Courtroom, 0202
System Generated Hearing Date: 8/8/2024 9:30 AM
Location: Court Room 0202
Judge: Warnick, Jeffrey L

FILED
7/2/2024 10:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**

Cook Resolution Investment Corp.
Plaintiff - Judgment Creditor

vs

Tina Oshana
Defendant - Judgment Debtor
Address of 5429 N MONT CLARE AVE, , CHICAGO IL 60656-1930

and

JP Morgan Chase Bank
Attn: RCO Centralized Mail-Mail Code: LA4-7200
700 KANSAS LN
MONROE LA 71203-4774
Garnishee

Case Number: 04 M1 144293

Judgment Amount: $2,887.94

Return Date: 8/8/2024

FILED DATE: 7/2/2024 10:25 PM   20041144293

### GARNISHMENT SUMMONS - NON WAGE

TO THE GARNISHEE: JP Morgan Chase Bank, Attn: RCO Centralized Mail-Mail Code: LA4-7200, 700 KANSAS LN, MONROE LA 71203-4774

**YOU ARE SUMMONED** and required to file answers to the judgment Creditor's interrogatories in the office of Clerk of the The 2nd Municipal District Cook 5600 Old Orchard Road Skokie, IL 60077. on or before *8/8/2024.
However, if this summons is served to you less than 10 days before that date, you must file answers to the interrogatories on or before 14 days after that date. **IF YOU FAIL TO DO SO, CONDITIONAL JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE AMOUNT OF THE JUDGMENT UNPAID.**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

**TO THE OFFICER:**
This summons must be returned by the officer or other person to whom it was given service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than the above date. You are further commanded that within (2) two business days of service upon the garnishee that you shall mail a copy of the garnishment notice and summons to the judgment debtor by first class mail at the judgment debtor's address indicated in the garnishment notice. Further you are directed that within (4) four business days of service upon the garnishee that you shall file with the Clerk of the Circuit Court a certificate of mailing as provided for by 735 ILCS 5/12-705.

(Seal)



Blitt and Gaines, P.C.
Attorney for Plaintiff
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711
Fax (847) 520-9481
pleadings2@blittandgaines.com
TYPE: Summons

**WITNESS:**

7/2/2024 10:25 PM IRIS Y. MARTINEZ
_____

Date: _____

Date of Service: _____, 20_____
(To be inserted by Officer on copy left with defendant or other person)

04-07445

**\*21 to 40 days after date of issuance of this summons**
This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
**21B** (Revised 12-99) TYPE: Summons

Filer Selected Hearing Date: 8/8/2024 9:30 AM
Location: <<CourtRoomNumber>>
Judge: Courtroom, 0202
System Generated Hearing Date: 8/8/2024 9:30 AM
Location: Court Room 0202
Judge: Warnick, Jeffrey L

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**

First Resolution Investment Corp.
Plaintiff - Judgment Creditor

vs

Tina Oshana
Defendant - Judgment Debtor
and
JP Morgan Chase Bank
Garnishee

Case Number: 04 M1 144293
Return Date: 8/8/2024

FILED
7/2/2024 10:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20041144293

FILED DATE: 7/2/2024 10:25 PM    20041144293

### AFFIDAVIT FOR NON WAGE GARNISHMENT

_____The Undersigned Attorney_____ being first duly sworn upon oath states:

1. Judgment was entered on August 24, 2004 in favor of the Judgment Creditor First Resolution Investment Corp. and against Judgment Debtor Tina Oshana for $2,887.94 and costs.

2. <u>$155.50</u> has been paid on the judgment.

3. There is unpaid on the Judgment:

   | | |
   |---|---|
   | $2,887.94 | Principal |
   | $640.21 | Costs |
   | $5,159.12 | Interest |
   | $8,687.27 | TOTAL UNPAID |

4. I believe Garnishee **JP Morgan Chase Bank** is indebted to the Judgment Debtor or has in his/her possession, custody or control of property belonging to the Judgment Debtor or in which he/she has an interest.

5. The last known address of the Judgment Debtor is 5429 N MONT CLARE AVE , CHICAGO IL 60656-1930

6. I request that summons be issued to the Garnishee.

I, the undersigned certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 that the statements set forth in this instrument are true and correct.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

/s/ Jerome E. Riley ARDC # 6192568
_____
Attorney for Judgment Creditor or Judgment Creditor

Blitt and Gaines, P.C.
Attorney for Plaintiff
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711
Fax (847) 520-9481
pleadings2@blittandgaines.com
FILENO: 04-07445

**Four (4) copies of this Affidavit for Garnishment and Answer to Interrogatories must be sent to the Garnishee (735 ILCS 5/12-701)** TYPE: Affidavit

Case: 04 M1 144293                                    Defendant: Tina Oshana
Garnishee: JP Morgan Chase Bank                       Return Date: 8/8/2024

FILED DATE: 7/2/2024 10:25 PM   20041144293

### INTERROGATORIES TO GARNISHEE

1.   When you were served with the summons did you have in your possession custody or control any property belonging to the judgment debtor or in which he/she had an interest?
     Answer: _____
              (yes or no)

2.   If your answer is yes, describe the property:

                                    Adverse Claimant:_____
                                    Adverse Claimant Address:_____

3.   When you were served with the summons were you otherwise indebted to him/her no matter when payable?
     Answer: _____
              (yes or no)

4.   If your answer is yes, state:
Description:
_____
_____
_____
_____

Amount: $ _____

Date due: _____

### AFFIDAVIT

_____ on oath state that the answers to the interrogatories are true. I further certify that a copy of these completed interrogatories have been mailed by first class mail to the judgment debtor and the judgment creditor or his/her attorney at the address specified in the affidavit for non-wage garnishment.

Signed and sworn before me
_____
_____, 20 _____
_____
(Notary Public)

### INSTRUCTIONS

1.   Electronically file Answer with the Circuit Clerk, mail a copy to Attorney for Plaintiff, and provide a copy to the Defendant.
2.   You will receive a copy of a Court Order by fax or mail instructing you how to proceed and where to send deducted funds.
3.   DO NOT SEND MONIES WITHHELD TO CIRCUIT CLERK

**04-07445**

                                    TYPE: Affidavit

**EXHIBIT D**

Filer Selected Hearing Date: No Hearing Scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 0202
System Generated Hearing Date: 8/8/2024 9:30 AM
Location: Court Room 0202
Judge: Warnick, Jeffrey L

FILED
7/16/2024 12:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20041144293

FILED DATE: 7/16/2024 12:34 PM   20041144293

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First Resolution Investment Corp.
        Plaintiff(s),

    v.                           NO. 04 M1 144293

Tina Oshana
        Defendant(s).

### PETITION FOR REVIVAL OF JUDGMENT

NOW COMES the Plaintiff, First Resolution Investment Corp., by and through its attorneys, Blitt and Gaines, P. C., and in support of its Petition for Revival of Judgment, states as follow:

1.    A judgment was entered in this court on or about August 24, 2004 in the amount of $2,887.94, plus costs of suit.

2.    Payments and credits have been made against the judgment in the amount of $175.50.

3.    The unpaid amount of the judgment at this date is $8,602.34.

4.    The plaintiff has not received notice of any discharge in bankruptcy of the defendant.

5.    Court Costs expended, exclusive of any filing fees or services costs associated with this petition, total $725.80.

WHEREFORE, Plaintiff, First Resolution Investment Corp., respectfully requests that this Honorable Court enter an order pursuant to which the aforesaid judgment shall be revived in the amount of $2,887.94 plus costs.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

### VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Blitt and Gaines, P.C.
Attorney for Plaintiff
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711 P
(847) 520-9481 F
pleadings2@blittandgaines.com
04-07445

/s/Matthew Van Vossen ARDC#: 6317829

Attorney for Creditor

**EXHIBIT E**

Filer Selected Hearing Date: No Hearing Scheduled
Location: <<CourtRoomNumber>>
Judge: Courtroom, 0202
System Generated Hearing Date: 8/8/2024 9:30 AM
Location: Court Room 0202
Judge: Warnick, Jeffrey L

FILED
7/16/2024 12:34 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
20041144293

FILED DATE: 7/16/2024 12:34 PM  20041144293

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First Resolution Investment Corp.
        Plaintiff(s),

    v.                            NO. 04 M1 144293

Tina Oshana
        Defendant(s).

### NOTICE OF FILING OF PETITION TO REVIVE JUDGMENT

**SERVE VIA SPECIAL PROCESS SERVER**

TO:    Tina Oshana
        5429 N MONT CLARE AVE
        CHICAGO IL 60656-1930

PLEASE TAKE NOTICE that on or about July16,2024 the undersigned caused to be electronically filed to the Cook County Courthouse, the following Notice of Filing of Petition to Revive Judgment, a true copy of which are herewith served upon you.:

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.

**PETITION FOR REVIVAL OF JUDGMENT**

Blitt and Gaines, P.C.
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711
pleadings2@blittandgaines.com
04-07445

/s/Matthew Van Vossen ARDC#: 6317829
_____
Attorney for Creditor



**EXHIBIT F**

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**SECOND MUNICIPAL DISTRICT, CIVIL DIVISION**

First Resolution Investment Corp.                                                        LINE NO. _____
          Plaintiff                                                                                        08/02/2024
                   VS.                                                                                        :

Tina Oshana
          Defendant                                        Case Number: 04 M1 144293
                 and

JP Morgan Chase Bank
          Bank                                        AGREED

### NON-WITHHOLDING THIRD PARTY CITATION/NON-WAGE ORDER

THIS CAUSE coming on to be heard on the return of the Third Party Citation/Non-Wage Summons, the Court finding:

_____   The Respondent has   filed an answer indicating funds are available for turnover.

_____   The Respondent  has filed an Answer showing no funds available to the judgment creditor due to no accounts, closed accounts, no record, negative balance, social security funds.

_____   The Respondent has failed to honor a turnover order.

IT IS HEREBY ORDERED:

_____   Stricken from the call.

_____   That the Conditional Judgment is entered against the bank, _____ in favor of defendant _____
       f/u/o plaintiff _____, in the sum of _____.

__X__   That the Respondent is hereby discharged. Defendant having asserted her statutory exemption, the freeze on said account is to be lifted and penalties are to be refunded and safe deposit box be released back to the Defendant. These proceedings are hereby dismissed.  The future court date of August 8, 2024 is stricken

_____   That this Third Party Citation/Non-Wage proceeding is hereby continued to _____
                                            (date)

Blitt and Gaines, P.C.                                        ENTER:                          Judge Maryam Ahmad
Attorney for Plaintiff                                        Date:  08/02/2024
775 Corporate Woods Parkway                                                                AUG 02 2024
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711 P                                        _____          Circuit Court  2137
pleadings2@blittandgaines.com                                        JUDGE
04-07445



**EXHIBIT G**

EXHIBIT G

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

First Resolution Investment Corp.          LINE NO. _____1_____
             Plaintiff                                              08/08/2024
                   vs.                                                  09:30

Tina Oshana
              Defendant             Cause Number: 04 M1 144293
                 and

JP Morgan Chase Bank
             Bank

### ORDER

THIS CAUSE coming on to be heard on the return of the Third Party Citation/Non-Wage Summons, the Court finding:

_____ The Respondent has failed to file an Answer.

_____ The Respondent has filed an Answer showing no funds available to the judgment creditor due to no accounts, closed accounts, no record, negative balance, social security funds.

_____ The Respondent has failed to honor a turnover order.

### IT IS HEREBY ORDERED:

__X__ The Plaintiff voluntarily dismisses the revival with prejudice.

_____ That the Conditional Judgment is entered against the bank, _____ in favor of defendant _____ f/u/o plaintiff _____, in the sum of _____.

_____ That the Respondent is hereby discharged on its no funds Answer and these proceedings are dismissed.

_____ That this Third Party Citation/Non-Wage proceeding is hereby continued to

_____
       (date)

Blitt and Gaines, P.C.
Attorney for Plaintiff
775 Corporate Woods Parkway
Vernon Hills, IL 60061
(888) 920-0620 TTY: 711 P
pleadings2@blittandgaines.com
04-07445

Associate Judge Jeffery L. Warnick
AUG 08 2024
Circuit Court - 2024

ENTER:
Date: 08/08/2024

_____
                   JUDGE